IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| ROBERT MERCED, Individually and on behalf of the ESTATE OF ELVIA RIVERA,<br><br>    Plaintiffs,<br><br>v.<br><br>NOVARTIS PHARMACEUTICALS CORPORATION,<br><br>    Defendant. | Civil Action No.:<br>8:20-cv-00587-WFJ-SPF |

**JOINT MOTION FOR MODIFICATION OF
CASE MANAGEMENT AND SCHEDULING ORDER**

Pursuant to Federal Rules of Civil Procedure 6(b) and 16(b)(4), plaintiff Robert Merced, Individually and on behalf of the Estate of Elvia Rivera, and defendant Novartis Pharmaceutical Corporation ("NPC") jointly move this Court to modify the Scheduling Order in this case. Specifically, the parties request all discovery and pre-trial deadlines to be extended by approximately six months to allow the parties sufficient time to complete discovery. This is the first request for an extension of discovery timelines.

Good cause exists to modify the current Scheduling Order because, despite their best efforts, the parties will be unable to reasonably meet the Scheduling Order's current deadlines for reasons that were not foreseeable at the time the scheduling order was entered. *See* Fed. R. Civ. P. 6(b); 16(b)(4). The inability to meet the current deadlines is not because of a lack of effort from the parties. Since the entry of the Court's original Scheduling Order on June 8, 2020 (ECF No. 22), the parties have been diligent in their discovery efforts. To date, these efforts have included, among other things, the exchange of written discovery requests and responses, NPC's production

of more than 10 million pages of NPC documents from a previous litigation to plaintiffs, exchange of the decedent's medical records, which consist of more than 7,000 pages from numerous physicians (with more likely forthcoming), a Rule 30(b)(6) deposition (and another upcoming on March 23, 2021). The parties also have regularly conferred to address discovery matters and achieved resolutions without need for the Court's involvement.

The parties continue to complete document production and are in the process of scheduling depositions of fact witnesses. The disruption caused by the COVID-19 pandemic, including the resulting travel restrictions and safety precautions, has delayed the depositions of fact witnesses and continues to cause scheduling hurdles. Although substantial progress has been made, the discovery process has taken longer than the parties anticipated, and there is still more fact discovery needed from both parties. This includes corporate discovery, such as additional production of documents and depositions of NPC personnel, collecting additional medical records from physicians, including newly discovered physicians as part of the iterative records collection process, and taking depositions of Mr. Merced and physicians. It is important to conduct as much of this fact discovery as possible prior to finalizing the parties' expert reports and to prepare for expert depositions. Based on these circumstances, the parties reasonably and in good faith have determined that they will likely require an additional six months to complete discovery, and have otherwise adjusted the subsequent deadlines in accordance with the intervals set in the Court's prior Scheduling Order.

Accordingly, the parties jointly request the following modifications to the Scheduling Order in this case:

| Event | Current Deadline | Proposed New Deadline |
|---|---|---|
| Plaintiff Expert Disclosure | July 12, 2021 | Jan. 12, 2022 |
| Defendant Expert Disclosure | Aug. 9, 2021 | Feb. 2, 2022 |
| Discovery Cut-Off | Sept. 8, 2021 | Mar. 8, 2022 |
| Mediator Selection/Scheduling | Sept. 10, 2021 | Mar. 10, 2022 |
| Conduct Mediation | Oct. 11, 2021 | Apr., 2022 |
| Dispositive Motion | Oct. 12, 2021 | Apr. 12, 2022 |
| Pretrial Statement | Dec. 2, 2021 | June 2, 2022 |
| Pretrial Conference | Dec. 9, 2021 | June 9, 2022 |
| Trial Term | Jan. 3, 2022 | July 1, 2022 |

WHEREFORE, the parties respectfully ask that the Court grant this joint request for a modification of the Scheduling Order in accordance with the above-stated operative dates.

Dated:  March 22, 2021                    Respectfully submitted,


/s/ *Francisco A.  Albites*                    /s/ Michael J. Thomas
Francisco A. Albites #78046                    Michael J. Thomas (Florida Bar No: 897760)
PARKER WAICHMAN LLP                            Jacqueline R. A. Root (Florida Bar No: 0085700)
27299 Riverview Center Boulevard               Kathryn L. Hood (Florida Bar No: 69337)
Suite 108                                      Pennington, P.A.
Bonita Springs, Florida 34134                  215 South Monroe Street, 2nd Floor
Telephone: (239) 390-8612                      Tallahassee, Florida 32301
Facsimile: (239) 390-0055                      (850) 222-3533
falbites@yourlawyer.com

                                               Robert E. Johnston, Esq. (admitted *Pro Hac Vice*)
Raymond C. Silverman (*Pro Hac Vice*)          rjohnston@hollingsworthllp.com
PARKER WAICHMAN LLP                            Andrew L. Reissaus, Esq. (admitted *Pro Hac Vice*)
6 Harbor Park Dr.
Port Washington, NY 11050                      areissaus@hollingsworthllp.com
Telephone: (516) 466-6500                      Hollingsworth LLP
Facsimile: (516) 466-6665                      1350 I Street Northwest
rsilverman@yourlawyer.com                      Washington, District of Columbia 20005
                                               (202) 898-5800


*Attorneys for Plaintiff*                      *Attorneys for Defendant Novartis Pharmaceuticals Corporation*

## **CERTIFICATE OF SERVICE**

  I hereby certify that on March 22, 2021, the foregoing document was served upon all counsel of record using the Court's CM/ECF system.

                     /s/*Francisco A. Albites*
                     Francisco A. Albites, Esq.